IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,149-01






EX PARTE BRIAN KEITH HORTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 27498 IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to
burglary of a habitation, and received three years' deferred adjudication community supervision.
Applicant's period of community supervision was modified and extended several times, but he was
eventually adjudicated guilty and sentenced to twenty years' imprisonment. 

 Applicant contends, among other things, (1) that his counsel at adjudication rendered ineffective
assistance because counsel failed to present witnesses and evidence to explain or rebut the
allegations in the State's motion to proceed to adjudication. Applicant also alleges that just before
the adjudication hearing, adjudication counsel brought to the trial court's attention the fact that
Applicant's father-in-law had been a defendant in a suit filed by the trial judge at an earlier date. The
matter was discussed in court and adjudication counsel did not seek the trial court's recusal. At the
conclusion of the adjudication hearing, the trial court sentenced Applicant to the maximum available
sentence of twenty years' imprisonment.

 The trial court appointed habeas counsel to represent Applicant, and on October 23, 2013,
the trial court held a hearing. Although Applicant himself was not present at the hearing, Applicant's
adjudication counsel gave testimony addressing Applicant's habeas claims. (2) Adjudication counsel
testified that although he did not believe that it was appropriate to file a written motion to recuse the
trial judge at the time, in retrospect he believes that he should have done so, because it was what his
client wanted.

 The trial court has determined that trial counsel's performance was deficient in that counsel
did not file a written motion to recuse the trial judge from presiding over the adjudication, and that
such deficient performance prejudiced Applicant. The trial court also concludes that adjudication
counsel did not call witnesses or acquire the evidence his client wanted presented at the hearing. 
Relief is granted. The judgment adjudicating guilt in Cause No. 27498 in the 3rd District Court of
Anderson County is set aside, and Applicant is remanded to the custody of the Sheriff of Anderson
County to answer the charges as set out in the State's motion to proceed to adjudication of guilt in
this case The trial court shall issue any necessary bench warrant within 10 days after the mandate
of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: April 2, 2014

Do not publish
1. This Court has reviewed Applicant's other claims, and found them to be without merit.
2. Adjudication counsel testified at the habeas hearing that he had submitted such an
affidavit, but the affidavit has not been included in the habeas record, before or after remand.